UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
MICHAEL ARON FEINSTEIN,

                            Plaintiff,

            -against-

COUNTY OF NASSAU, COUNTY OF NASSAU POLICE DEPARTMENT, COUNTY OF NASSAU POLICE OFFICER DANIEL POWERS, COUNTY OF NASSAU POLICE OFFICER ANTHONY ROSSELLI, COUNTY OF NASSAU POLICE OFFICER STEVEN LOESCH, COUNTY OF NASSAU POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), individually, COUNTY OF NASSAU DISTRICT ATTORNEY MADELINE SINGAS, COUNTY OF NASSAU ASSISTANT DISTRICT ATTORNEY JOHN/JANE DOES #1-10 (fictitiously named), individually,

                            Defendants.
---------------------------------------------------------------------- X

DOCKET NO.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, MICHAEL ARON FEINSTEIN, by and through his attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, complaining of Defendants, COUNTY OF NASSAU, COUNTY OF NASSAU POLICE DEPARTMENT, COUNTY OF NASSAU POLICE OFFICER DANIEL POWERS, COUNTY OF NASSAU POLICE OFFICER ANTHONY ROSSELLI, COUNTY OF NASSAU POLICE OFFICER STEVEN LOESCH COUNTY OF NASSAU POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), individually, COUNTY OF NASSAU DISTRICT ATTORNEY MADELINE SINGAS, COUNTY OF NASSAU ASSISTANT DISTRICT ATTORNEY JOHN/JANE DOES #1-10 (fictitiously named), individually (hereinafter, collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for deprivation of Plaintiff's civil rights, committed by Defendants while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities as guaranteed to him by reason of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988 and his pendant State Law claims.

## JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Nassau; the actual place of employment of all of the individual Defendants is Nassau County in the Eastern District of New York, and the County of Nassau is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in Nassau County, in the Eastern District of New York. Additionally, Plaintiff resides within the County of Nassau in the Eastern District of New York.

## PARTIES

4. Plaintiff, MICHAEL ARON FEINSTEIN (hereinafter, "Feinstein" or "Plaintiff"), is a resident of the United States who lives within the Eastern District of New York and is currently licensed to practice law in the State of New York and the United States District Court in the Eastern and Southern Districts of New York.

5. Defendant, COUNTY OF NASSAU (hereinafter, "County"), is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York, with offices at One West Street, Mineola, New York 11501.

6. Defendant, COUNTY OF NASSAU POLICE DEPARTMENT (hereinafter, "NCPD") is a subdivision and/or agency of Defendant County and has an office at 1460 Franklin Avenue, Mineola, New York 11501

7. Defendant, COUNTY OF NASSAU POLICE OFFICER DANIEL POWERS (hereinafter, "PO Powers") is a police officer who is being sued in his individual and official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, PO Powers was acting under color of state law within the scope of his employment as a police officer employed by Defendant County.

8. Defendant, COUNTY OF NASSAU POLICE OFFICER ANTHONY ROSSELLI (hereinafter, "PO Rosselli") is a police officer who is being sued in his individual and official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, PO Rosselli was acting under color of state law within the scope of his employment as a police officer employed by Defendant County.

9. Defendant, COUNTY OF NASSAU POLICE OFFICER STEVEN LOESCH (hereinafter, "PO Loesch") is a police officer who is being sued in his individual and official capacity and is an employee of Defendant County. Upon information and belief, at all relevant times described herein, PO Loesch was acting under color of state law within the scope of his employment as a police officer employed by Defendnt County.

10. Defendant, NASSAU COUNTY POLICE OFFICER JOHN DOES #1-10 (hereinafter, collectively "PO Does") are police officers who are being sued in their individual

and official capacities and are employed by Defendant County. Upon information and belief, at all relevant times described herein, PO Does were acting under color of state law within the scope of their employment as police officers employed by Defendant County.

11. Defendants, NASSAU COUNTY DISTRICT ATTORNEY MADELINE SINGAS (hereinafter, "DA Singas") and NASSAU COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #1-10 (hereinafter, collectively "ADA Does"), are district attorneys who are being sued in their individual and official capacities and are employed by Defendant County, with an office at 262 Old Country Road, Mineola, New York 11501. Upon information and belief, at all relevant times described herein, DA Singas and ADA Does were acting under color of state law within the scope of their employment as District Attorney and Assistant District Attorneys employed by Defendant County.

## NATURE OF THE CASE

12. This is an action seeking recovery for deprivation of Plaintiff Feinstein's civil rights guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution committed by the above-named municipal Defendants.

13. Plaintiff Feinstein bases this action upon his unlawful arrest and illegal seizure of person and property by various members of Defendant NCPD on December 17, 2017, as well as the subsequent malicious prosecution caused by the unlawful arrest of Plaintiff Feinstein that ended with all charges being dismissed in favor of Plaintiff Feinstein.

## STATEMENT OF RELEVANT FACTS

14. Plaintiff Feinstein is a licensed attorney who resides in the County of Nassau, State of New York.

15. Defendants arrested and prosecuted Plaintiff Feinstein for crimes which Plaintiff

Feinstein did not commit and for which there was no probable cause to charge and prosecute Plaintiff.

16. On December 17, 2017, in the early morning, Plaintiff Feinstein was involved in a verbal argument with Alanna Figueira, the mother of his two children, at their residence.

17. During the argument, Alanna Figueira started to flick and scratch Plaintiff Feinstein's facial area.

18. Plaintiff Feinstein then went downstairs to remove himself from the situation and called both his parents and Defendant NCPD to come intervene. Plaintiff Feinstein advised Defendant NCPD that he would meet the officers outside of the residence.

19. On information and belief, on December 17, 2017, at approximately 5:55 am, Defendants PO Powers, PO Rosselli, and PO Loesch arrived at Plaintiff's residence and saw Plaintiff outside of the house.

20. On information and belief, at the time Defendants PO Powers, PO Rosselli, and PO Loesch arrived at Plaintiff's residence, no members from NCPD had spoken to Alanna Figueira.

21. Upon their arrival, Defendants PO Powers, PO Rosselli, and PO Loesch greeted Plaintiff outside the residence and immediately acted hostile towards Plaintiff Feinstein, despite the fact that he had contacted NCPD.

22. Upon their arrival, Plaintiff advised the officers about the situation that had led to him contacting the police that morning. Specifically, Plaintiff explained to the officers that there was an argument about Ms. Figueira going to get the children that morning and her ability to do same lawfully. Plaintiff then told the Defendant Officers that she began to flick and scratch his facial area, which is when he removed himself from the area and contacted Defendants.

23. In response, and prior to ever interviewing Ms. Figueira, Defendants PO Powers, PO Rosselli, and/or PO Loesch, without any legal justification to do so, immediately grabbed Plaintiff, slammed his face against the wall of the exterior of his residence and frisked him. The Defendant Officers did not find any weapons and/or other illegal contraband on Plaintiff's person at any time.

24. Upon information and belief, Defendants PO Powers, PO Rosselli, and/or PO Loesch then proceeded to the interior of the house and interviewed Ms. Figueira, while Plaintiff remained outside of the residence.

25. At all times, Plaintiff was cooperative throughout his encounter with the Defendant Officers, which he contacted in the first instance. Despite his credible version of the events and that no criminality had taken place, Defendants PO Powers, PO Rosselli, and PO Loesch devised fabricated charges against Plaintiff, despite having no evidence to do so.

26. Plaintiff Feinstein was arrested by PO Powers, PO Rosselli, PO Loesch, and/or PO John Does and charged with Criminal Mischief in the Fourth Degree in violation of Penal Law § 145.00(1). Defendants arrested Plaintiff based on the false claim that four ornaments, for a total of $20.00, had fallen from the Christmas tree at his residence.

27. Notwithstanding the lack of evidence for the charge against Plaintiff and the inadequate investigation of same by the PO Defendants, Alanna Figueira did not want Plaintiff arrested and expressed same to the PO Defendants who responded to the residence after being contacted by Plaintiff that morning.

28. Defendants' failure to adequately investigate the circumstances behind Plaintiff's unlawful arrest, throughout their presence at Plaintiff's residence, led to the continued violation of Plaintiff's civil rights herein

DH/D218775/FL2651

29. On December 17, 2017, PO Powers, PO Rosselli, and/or PO Loesch insisted on arresting and charging Plaintiff Feinstein, despite knowledge that Plaintiff Feinstein had no involvement with the crime he was being charged with, based upon the fabricated allegation that Plaintiff Feinstein had purposely damaged Christmas ornaments.

30. While at Plaintiff Feinstein's residence, Defendants PO Powers, PO Rosselli, and/or PO Loesch contacted the ADA Does of the Nassau County District Attorney's Office, Early Case Advisement Bureau, who advised the Defendant police officers to continue to arrest Plaintiff, despite knowledge by both the ADA Does and Defendant police officers that there was no probable cause for Plaintiff's arrest and in further direct violation of his civil rights.

31. Plaintiff was then arrested, handcuffed, placed in the back of a patrol car and taken to the Nassau County Police Department, First Precinct, for arrest processing.

32. Upon arrival at the First Precinct, Plaintiff Feinstein was transported inside the precinct where he remained handcuffed to a bench. Plaintiff was then brought to a detention center where he remained seized until he was brought for his arraignment at the Nassau County First District Court.

33. On information and belief, Plaintiff Feinstein was unlawfully seized for a period of approximately 20-30 hours prior to his arraignment.

34. On or about December 17, 2017, Plaintiff Feinstein was arraigned and charged with Criminal Mischief in the Fourth Degree (Penal Law § 145.00(1)), an Order of Protection was issued, and Plaintiff was unlawfully stripped of his lawful ability to possess firearms due to the fabricated criminal charge. Plaintiff was then released on his own recognizance and returned to live with his parents, as a result of the fabricated charges.

35. PO Powers and/or PO John Does signed the accusatory instrument for the

prosecution of Plaintiff Feinstein, dated December 17, 2017.

36. PO Powers, PO Rosselli, PO Loesch, and/or PO John Does lacked probable cause for the arrest of Plaintiff Feinstein on or about December 17, 2017.

37. Plaintiff was prosecuted for allegedly committing Criminal Mischief in the Fourth Degree (Penal Law § 145.00(1).

38. The prosecution of Plaintiff was initiated with malice without any legal basis to do so.

39. The prosecution of Plaintiff was continued after probable cause was vitiated. Defendant ADA Does had irrefutable evidence of Plaintiff Feinstein's innocence and continued the prosecution, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

40. Plaintiff Feinstein's prosecution continued for multiple court dates after there was no longer probable cause to believe that Plaintiff Feinstein had any involvement in the alleged charged crime. The prosecution was continued solely to cover-up the PO Defendants' unlawful and unconstitutional conduct.

41. Additionally, as a result of Defendants' unlawful conduct, Plaintiff not only risked losing his job and license to practice law, but also risked being subjected to discipline or censure by the New York State Bar.

42. As a result of the malicious prosecution, Plaintiff Feinstein was required to pay for the services of a criminal defense attorney at a substantial cost to him.

43. Plaintiff Feinstein was required to appear in the very courthouse that he has practiced in, approximately 4-5 times, after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

44. Plaintiff Feinstein's prosecution terminated in his favor, on June 4, 2018, when all charges were dismissed.

45. Pursuant to the New York State General Municipal Law, Plaintiff served Notices of Claim upon Defendant County within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

46. Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff appeared for a hearing that was conducted on behalf of Defendant County.

47. As of the date of this Complaint, Defendant County has failed to resolve any of the alleged disputes addressed in the Notices of Claim.

### AS AND FOR PLAINTIFF'S FIRST CLAIM
### FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS FOR FALSE ARREST AGAINST ALL DEFENDANTS

48. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

49. On or about December 17, 2017, Plaintiff Feinstein was intentionally detained by Defendants.

50. Following his arrest, Plaintiff Feinstein was unlawfully detained and his property was unlawfully seized from his person.

51. The arrest and detention of Plaintiff Feinstein by Defendants were conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of their employment by the Nassau County Police Department and the Nassau County District Attorney's Office.

52. Plaintiff Feinstein was aware of his detention.

53. Plaintiff Feinstein did not consent to being detained.

54. Plaintiff called the police on the night in question for their assistance and was then arrested without probable cause that he committed any crime.

55. Defendants did not have an arrest warrant, search warrant or probable cause to arrest Plaintiff Feinstein.

56. Plaintiff Feinstein's detention was not privileged as Defendants lacked probable cause for all and/or part of his detention. In fact, no reasonable officer would agree that there was probable cause for Plaintiff's arrest at the time of his detention.

57. As a result of his illegal detention, Plaintiff Feinstein's Fourth and Fourteenth Amendment rights were violated and Plaintiff was unlawfully deprived of his liberty without legal justification.

58. As a proximate result of Defendants' intentional and malicious actions, Plaintiff Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR PLAINTIFF'S SECOND CLAIM
FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH
AMENDMENT RIGHTS FOR MALICIOUS PROSECUTION AGAINST
ALL DEFENDANTS**

59. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

60. On or about December 17, 2017, PO Powers signed and filed a misdemeanor

information charging Plaintiff Feinstein with crimes that he did not commit.

61. On or about December 17, 2017, PO Rosselli, PO Loesch, and PO John Does witnessed PO Powers sign and file a misdemeanor information charging Plaintiff Feinstein with a crime that he did not commit, but failed to intervene, despite knowing that such action was unlawful.

62. On or about December 17, 2017, Plaintiff Feinstein was arraigned and charged with one count of Criminal Mischief in the 4th Degree and was illegally detained and/or seized for approximately 20-30 hours.

63. The prosecution of Plaintiff was initiated and continued by Defendants with malice and without any legal basis.

64. At the time the prosecution was commenced, Defendants had knowledge that Plaintiff Feinstein was innocent of the charge alleged in the misdemeanor information.

65. As a result of the malicious prosecution, Plaintiff Feinstein was required to pay for the services of a criminal defense attorney at a substantial cost to him.

66. As a result of the false and unlawful charge, Plaintiff Feinstein was required to make multiple appearances in Court.

67. Defendants participated in the investigations of allegations against Plaintiff Feinstein, as well as the criminal prosecution against him.

68. The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff Feinstein did not participate in the alleged crime and that probable cause for the arrest and initiation of the prosecution did not exist.

69. The criminal prosecution was continued after Defendant(s) knew that he/she/they had no probable cause for the original arrest and/or initiation of the prosecution existed.

 DH/D218775/FL2651

70. By participating in the arrest and prosecution which they knew lacked probable cause, Defendants acted with malice against Plaintiff Feinstein.

71. Defendant(s) prosecuted Plaintiff Feinstein with malice independent of their lack of probable cause.

72. Defendant(s) demonstrated their malicious intent by requiring Plaintiff to either accept an ACD or plead guilty to the charge, despite having incontrovertible evidence that Plaintiff was innocent of the charges.

73. Defendants maliciously prosecuted Plaintiff for a period of over five months.

74. The prosecution of Plaintiff Feinstein was terminated favorably to him and all charges were dismissed.

75. As a result of Defendants' malicious prosecution, Plaintiff Feinstein's Fourth and Fourteenth Amendment rights were violated.

76. As a proximate result of Defendants' intentional and malicious actions, Plaintiff Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S THIRD CLAIM
## FOR RELIEF FOR FAILURE TO SUPERVISE (1983) AGAINST
## ALL DEFENDANTS

77. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

78. Defendants were responsible for supervising, overseeing, and controlling their subordinates in the NCPD and DA Singas.

79. County intentionally failed to adequately supervise, control, oversee, and/or monitor the NCPD and DA Singas.

80. Upon information and belief, County was aware that PO Powers, PO Rosselli, PO Loesch, and PO John Does #1-10 lacked probable cause at the time of Plaintiff Feinstein's arrest, but failed to take adequate measures to resolve the wrong.

81. Upon information and belief, County was aware that DA Does knew that Plaintiff Feinstein was innocent of the charges but continued with the prosecution to cover up the unconstitutional actions of NCPD Defendants.

82. Upon information and belief, it was the policy, practice and custom of County to allow Defendants to allow and/or ignore violations of Fourth and Fourteenth Amendments.

83. Upon information and belief, it was the policy, practice, and custom of County to allow NCPD to arrest individuals in domestic violence incidents, despite no facts of criminality and without probable cause and/or other legal justification.

84. Upon information and belief, it was the policy, practice and custom of County to allow DA Singas and/or ADA Does to coerce individuals charged with crimes, for which they knew they were innocent of, to accept an ACD or plead to the charges in order to cover up the unconstitutional acts of other law enforcement members.

85. Upon information and belief, Defendants failed to adequately train their employees to recognize constitutional violations and/or intervene to prevent the constitutional violations of their employees and/or peers.

86. As a proximate result of Defendants' intentional and malicious actions, Plaintiff

Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM
### FOR RELIEF AGAINST COUNTY OF NASSAU (MONELL CLAIM)

87. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

88. Upon information and belief, it was the custom, policy and practice of Defendants to fail to terminate the prosecutions of individuals upon receipt of evidence which would vitiate any probable cause possessed at the time of arrest.

89. Upon information and belief, it was the custom, policy and practice of Defendants to make an arrest in response to any domestic dispute, despite no facts of criminality and without probable cause and/or other legal justification.

90. Employees of the Nassau County Police Department and/or the Nassau County District Attorney's Office, such as the individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

91. Employees of the Nassau County Police Department and/or the Nassau County District Attorney's Office, such as the individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, that they would receive no reprimand or be punished for their conduct and, further,

DH/D218775/FL2651

that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

92. By failing to supervise, train and reprimand such Police Officers and District Attorney/Assistant District Attorneys, such as the individual Defendants in this action, County caused the injuries to Plaintiff Feinstein through the actions and inactions of the individual Defendants.

93. By maintaining a *de facto* policy of automatically arresting an individual involved in a verbal domestic dispute, despite no facts of criminality and without probable cause and/or other legal justification, Plaintiff Feinstein was caused to have his civil rights to be violated and harm through the actions of the individual Defendants.

94. By maintaining a *de facto* policy of automatic indemnification, County caused the injuries to Plaintiff Feinstein through the actions and inactions of the individual Defendants.

95. As a result of Defendants' actions, Plaintiff was unlawfully stripped of his ability to possess firearms.

96. Upon information and belief, it was the custom, policy and practice of County to authorize and permit certain Police Officers and District Attorneys/Assistant District Attorneys, including the individual Defendants, to cause unlawful detentions, which is responsible for the violation of Plaintiff's civil rights.

97. Upon information and belief, it was the custom, policy and practice of County to encourage and cause constitutional violations by the Police Officers and District Attorney/Assistant District Attorneys employed by County, including the violations of Plaintiff Feinstein's constitutional rights by the individual Defendants.

98. County's failure to take action against its Police Officers and/or District Attorney/Assistant District Attorneys involved in this incident, and in other similar incidents, was part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

99. As authorized representatives of Defendant County, the Police Officers' conduct of illegal arrests, searches and seizure of arrestees, such as Plaintiff Feinstein, constituted a custom, policy and policies which renders Defendant County liable to Plaintiff Feinstein as a "Person" acting under the color of state law.

100. It was further the custom, policy and practice of County to encourage District Attorney/Assistant District Attorneys employed by County to coerce those falsely accused of crimes to either accept an ACD or plead guilty to the crimes that they were falsely charged with the intent to cover up the unconstitutional actions of their coworkers and/or peers.

101. These customs, policies and practices enforced by Defendants were the moving force, proximate cause, and/or affirmative link behind the conduct causing Plaintiff Feinstein injuries.

102. Defendant County is therefore liable for violations of Plaintiff Feinstein's constitutional rights as caused by its/their employees, as described in more detail in the paragraphs herein, and Plaintiff Feinstein has suffered damages therefrom.

103. As a proximate result of Defendant's customs, policies and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Plaintiff Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less

than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees.

## AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS (1983) AGAINST ALL DEFENDANTS

104. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

105. As a result of the facts alleged herein, Plaintiff Feinstein was denied his substantive rights under the United States Constitution.

106. Defendants abused process by continuously depriving Plaintiff Feinstein of his substantive rights under the United States Constitution when they had full knowledge that their actions were unlawful and that Plaintiff Feinstein was innocent of the charge lodged against him.

107. As a proximate result of Defendants' actions, Plaintiff Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR VIOLATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS (1983) AGAINST ALL DEFENDANTS

108. Plaintiff Feinstein repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

109. Defendants initially detained and/or continued the detention of Plaintiff Feinstein without a proper due process.

 DH/D218775/FL2651

110. As a result of this detention, Plaintiff Feinstein was denied his procedural right under the United States Constitution.

111. As a proximate result of Defendants' actions, Plaintiff Feinstein was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Feinstein respectfully requests judgment against Defendants as follows:

A. Under the First Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

B. Under the Second Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

C. Under the Third Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

D. Under the Fourth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus attorney's fees;

E. Under the Fifth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

F. Under the Sixth Claim for Relief, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees;

G. For compensatory damages against all Defendants in an amount to be determined at trial but in no event less than TEN MILLION DOLLARS ($10,000,000.00); and

H. Such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
March 12, 2019

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Michael Aron Feinstein*

By:     /S/Charles Horn
Charles Horn
3000 Marcus Avenue, Suite 2E03
Lake Success, New York 11042
Tel: 516.355.9696